IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LLOYD EMERSON EARL PALMER, II                                                               PLAINTIFF

v.                                        Case No. 4:23-cv-4045

DEBROHA ANN ARMSTRONG, Notary
Public/Home Wave, SWACC; WARBRITTEN,
Program Coordinator, SWACC                                                                  DEFENDANTS.

## ORDER

    Before the Court is Plaintiff's failure to comply with orders of the Court. On April 11, 2023, Plaintiff Lloyd Emerson Earl Palmer, II, filed this *pro se* civil rights matter pursuant to 42 U.S.C. § 1983. ECF No. 1. This matter was originally filed in the Eastern District of Arkansas. On April 14, 2023, the Honorable Magistrate Judge Joe J. Volpe ordered that venue be transferred to this District pursuant to 28 U.S.C. § 1406(a). ECF No. 3.

    On April 24, 2023, the Honorable United States Magistrate Judge Barry Bryant granted Plaintiff's request to proceed *in forma paupers* (IFP). ECF No. 6. In that Order, Plaintiff was also advised to update his address within 30 days of a change of address and that failing to do so could subject this action to dismissal. *Id.* That Order was not returned as undeliverable. On that same day, noting deficiencies in the original complaint, the Court directed Plaintiff to file an amended complaint by May 15, 2023. ECF No. 7. The Order cautioned Plaintiff that failure to do so would result in this action being dismissed. *Id.* This Order was also not returned as undeliverable. On May 8, 2023, Plaintiff filed a notice with the Court of his updated address. ECF No. 9.

    When Plaintiff failed to file an amended complaint by May 15, 2023, the Honorable Magistrate Judge Christy D. Comstock ordered Plaintiff to show cause why this matter should not be dismissed for failure to comply with the Court's orders. ECF No. 10. The deadline to respond

to the Court's show cause order was June 7, 2023. *Id*. This Order was not returned as undeliverable. Plaintiff's deadline to respond to the Court's show cause order has now passed, and Plaintiff has failed to respond or communicate with the Court.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 13th day of June, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge